The People of the State of New York, Plaintiff, *v.* John F. Houlihan, Defendant.

County Court, Rensselaer County, February 15, 1949.

*Earle J. Wiley, District Attorney (Richard E. Bolton of* counsel), for plaintiff.

*John C. Rafter, Jr.,* for defendant.

Hamm, J. Before the Honorable LaVerne G. Lewis presiding in a Court of Special Sessions for the City of Rensselaer the defendant was tried for violation of subdivision 1 of section 244 of the Penal Law of New York State. After a trial the defendant was found guilty of assault in the third degree and sentenced to sixty days in the Rensselaer County Jail.

In his affidavit of errors the defendant states: " I further believe that the sentence imposed due to the circumstances is * * * against the weight of evidence." The defendant urges that the judgment must be reversed because the magistrate's return does not contain a stenographic transcript of the testimony.

The absence of such a transcript does not require reversal as a matter of law. In *People* v. *Schenkel* (256 N. Y. 539) the Court of Appeals stated: " The trial judge was charged with a duty to keep proper minutes of the trial. If he chose to delegate that duty to a stenographer and cannot obtain a copy of the

minutes except by paying for them he should pay whatever is necessary for the discharge of his official duty ''. It is thus apparent that what is required in the return of a magistrate on appeal is not necessarily a stenographic transcript of the minutes of the trial but rather '' proper minutes of the trial '' whether kept by the judge or written and transcribed by a stenographer. The minutes must be sufficient to enable the appellate court to determine on appeal the validity of all errors alleged in the appellant's affidavit. This conclusion is reinforced further by the statement of the court in *People* v. *Wilkins,* (281 N. Y. 224, 225) : '' It is the duty of justices ' to keep, or have kept under their direction, minutes of the testimony taken upon trials, to the end that their determinations as to the facts may be reviewed upon appeal.' ''

The return in this case states sufficiently the evidence upon which the conviction was obtained. The minutes of the presiding judge appear voluminously and in great detail in the return. The testimony of the various witnesses, which appears at length, was ample to establish the guilt of the defendant beyond a reasonable doubt.

The judgment is affirmed on the law and the facts.